**NORRIS et v BOARD OF EDUCATION OF LETART DIST et**

Ohio Appeals, 4th Dist, Meigs Co

Decided May 11, 1932

E. W. Peoples, Pomeroy, and D. H. Peoples, Pomeroy, for plaintiff.

A. D. Russell, Pomeroy, for defendants.

BLOSSER, J.

The record contains evidence of a number of irregularities in the transactions of the board of education. A. B. Alexander, a member of the board and also its clerk, voted in favor of awarding the contract to Barnitz. Alexander is the father-in-law and also an employe and former business partner of Barnitz. Another vote in favor of awarding the contract was by Diddle. There was some evidence to the effect that he was to be the driver of the school bus if Barnitz was awarded the contract.

Sec 4757 GC provides:

"No member of the board shall have, directly or indirectly, any pecuniary interest in any contract of the board or be employed in any manner for compensation by the board of which he is a member except as clerk or treasurer."

If Diddle was interested in obtaining the position of driver of the bus then his action in voting to award the contract to Barnitz was illegal.

The board exceeded its authority in awarding the contract to Barnitz at a higher bid than that submitted by Norris. If for any sufficient reason the board did not care to award the contract to Norris at his bid it was then the duty of the board to reject all bids, which it had authority to do by virtue of the provisions of its legal advertisement which provided that it reserved the right to reject any and all bids.

In the case of **State ex v Board of Education, 42 Oh St 374,** it is held:

"1. Sec 3988, GC, clause four, of Revised Statutes, which provides that a board of education engaged in the erection of a school building 'may, in its discretion, reject all the bids', does not authorize the acceptance of any but the lowest responsible bid."

Under the facts shown in this record the act of the board of education in awarding the contract to Barnitz was illegal and an injunction is granted by this court restraining the board of education from paying to Barnitz any money under the said alleged contract and the said Barnitz is restrained from receiving or drawing any money from the said board of education under said alleged contract.

Decree for plaintiff.

MAUCK, PJ, and MIDDLETON, J, concur.